UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| LISA M. MORROW, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-233 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to supplemental security income (SSI) benefits. On August 27, 2003, plaintiff filed her application for benefits, claiming August 27, 2003 as her onset of disability. (A.R. 44-48). Plaintiff's claim was denied on initial review. (A.R. 26-31). On September 1, 2005, plaintiff received a hearing before an administrative law judge (ALJ) at which she was represented by counsel. (A.R. 530-57). On December 6, 2005, the ALJ issued her decision finding that plaintiff was not disabled. (A.R. 15-23). On January 31, 2008, the Appeals Council denied review (A.R. 5-7), and the ALJ's decision became the Commissioner's final decision.

On March 7, 2008, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claim for SSI benefits. The issues raised by plaintiff are as follows:

> 1. THE ALJ COMMITTED REVERSIBLE ERROR BY FAILING TO GIVE THE PROPER WEIGHT TO THE OPINION OF THE TREATING PHYSICIANS IN THIS CASE.
>
> 2. THE ALJ COMMITTED REVERSIBLE ERROR BY APPLYING A SO-CALLED SIT AND SQUIRM TEST.

(Statement of Errors, Plaintiff's Brief at 7, docket # 9).  Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision.  I recommend that the Commissioner's decision be affirmed.

### Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001)(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007).  The scope of the court's review is limited.  *Buxton*, 246 F.3d at 772.  The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations.  *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997).  "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ."  42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within

which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. The ALJ found that plaintiff had the following severe impairments: "diabetes, sleep apnea, obesity, and degenerative disc disease." (A.R. 22). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible. (A.R. 16-20). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of sedentary work. (A.R. 22). Plaintiff was unable to perform her past relevant work. Plaintiff was thirty-one years old as of the date of her alleged onset of disability and thirty-four years old as of the date of the ALJ's decision. Thus, at all times relevant to his claim, plaintiff was

classified as younger individual. ALJ found that plaintiff has a limited education. Plaintiff did not have any transferable skills from past relevant work. The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 12,000 jobs in Michigan's Lower Peninsula that the hypothetical person would be capable of performing. (A.R. 551-54). The ALJ held that this constituted a significant number of jobs. Using Rule 201.24 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 15-23).

**1.**

Plaintiff argues that the ALJ failed to give appropriate weight to the "opinion" of her "treating physicians." (Statement of Errors ¶ 1, Plf. Brief at 7, docket # 9). Plaintiff's brief fails to identify the opinion of any treating physician to which the ALJ purportedly failed to give sufficient deference. A licenced physician is an "acceptable medical source" under the social security regulations. 20 C.F.R. § 416.913(a)(1). "Generally, the opinions of treating physicians are given substantial, if not controlling deference." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see White v. Commissioner*, No. 08-1586, slip op. at 12 (6th Cir. Feb. 24, 2009). However, plaintiff argues that the ALJ failed to give sufficient deference to the opinion of Physician's Assistant Deb Aultman. (Plf. Brief at 4, 7; Reply Brief at 1-2, docket # 11). A physician's assistant is not an "acceptable medical source." *See* 20 C.F.R. § 416.913(a), (d). The opinion of a treating physician's assistant is not entitled to deference under the treating physician rule. *See Geiner v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008).

Further, the ALJ did not ignore the PA's RFC assessment. The ALJ reviewed the restrictions that Ms. Aultman had listed in her assessment (A.R. 17), and then explained why the assessment (A.R. 268-71) was entitled to little weight:

> The undersigned gives little weight to the residual functional capacity (RFC) statement completed by Physician's Assistant Deb Aultman in Exhibit 12F. These limitations are not consistent with the medical evidence of record and the RFC was not completed by the claimant's treating physician. Furthermore, the opinion expressed is quite conclusory, providing little explanation of the evidence relied on in forming that opinion.

(A.R. 19). I find no error.

**2.**

Plaintiff argues that the ALJ improperly applied a "sit and squirm" test in making her credibility determination. (Plf. Brief at 9). This argument is baseless. The ALJ's opinion contains a lengthy discussion of plaintiff's subjective complaints and the reasons the ALJ found that plaintiff's complaints were not fully credible. (A.R. 16-20). Credibility determinations concerning a claimant's subjective complaints is peculiarly within the province of the ALJ. *See, e.g.*, *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is well established that the ALJ cannot rely solely upon her observations at the hearing in resolving a claimant's subjective complaints. *See Weaver v. Secretary of Health & Human Servs.*, 722 F.2d 310, 312 (6th Cir. 1983). However, it is equally well established that an ALJ "may distrust a claimant's allegations of disabling symptomology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." *Moon v. Sullivan*, 923 F.2d 1175, 1183 (6th Cir. 1990); *see Lucido v. Commissioner*, 109 F. App'x 715, 716-17 (6th Cir. 2004); *Asher v. Secretary of Health & Human Servs.*, 93-5054, 1993 WL 230283, at * 1 (6th Cir. June 25, 1993). The ALJ

found that plaintiff's testimony claiming that she suffered from disabling symptoms was inconsistent with the objective medical evidence and plaintiff's demeanor:

> The Administrative Law Judge finds that the medical evidence does not demonstrate any debilitating complications from the claimant's impairments.  Although she has some limitations from her impairments, her symptoms and limitations are not credible to the extent alleged, nor supported by the objective evidence of record.  Several progress notes in the record note that the claimant has been noncompliant with her prescribed medications.  She is also not very compliant with her C-PAP machine.  The claimant testified that she has a hard time sitting for more than 20 minutes, yet she betrayed no evidence of pain or discomfort while testifying at the hearing which lasted about 40 minutes.  The complainant complained of constant pain rated at a 10 on a 1 to 10 pain scale, yet x-rays of her right knee were normal and although an MRI of the lumbar spine showed degenerative disc disease, it was determined that she was not a surgical candidate.  The claimant also complained of pain and limitations with her hands, but there are no documents or treatment records to support this.

(A.R. 19).  The ALJ may properly comment on a claimant's demeanor at the hearing.  *See, e.g., Johnson v. Commissioner*, No. 99-1438, 2000 WL 332059, at * 4 (6th Cir. Mar. 22, 2000). Plaintiff's argument does not provide a basis for altering the Commissioner's decision.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:   February 26, 2009          /s/  Joseph G. Scoville
                                    United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).